```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION

GARY E. STORY,                  }
                                }
     Plaintiff,                 }
                                }      CIVIL ACTION NO.
v.                              }
                                }      97-AR-3355-S
VAE NORTRAK, INC.,              }
                                }
     Defendant.                 }
```

FILED
99 MAY 18 PM 4:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAY 18 1999

### MEMORANDUM OPINION

The court has before it the following post-trial motions:

1. <u>Motion by plaintiff, Gary E. Story, filed on April 22, 1999, seeking an amendment to the final judgment to grant him reinstatement</u>.

This request for relief was abandoned. When it was not included in the final pretrial order, Rule 16(b) looms large by mandating: "The order following a final pretrial conference shall be modified only to prevent manifest injustice." In this case, it would be more likely to **constitute** manifest injustice than to prevent it, if the court were to order plaintiff's reinstatement. Defendant may have made strategy decisions at trial while not feeling exposed to the possibility of plaintiff's reinstatement or the imposition of front pay. Defendant may have gotten a better jury result if reinstatement had still been an unresolved issue at



trial. Therefore, this motion will be denied.

2. <u>The motion by defendant, VAE Nortrak, Inc., filed on April 22, 1999, to stay execution on the judgment pending disposition of post-judgment motions</u>.

This motion will become moot when the post-judgment motions are separately ruled on. If defendant files a timely notice of appeal, it can, at that time, ask the court for the fixing of an appropriate supersedeas bond. If such a bond is posted, it will operate as a stay of execution.

3. <u>Plaintiff's petition, filed on April 30, 1999, for attorneys fees and expenses.</u>

Although plaintiff, as a prevailing party, is entitled to attorneys fees and expenses, the court will reserve ruling on plaintiff's petition until the time for an appeal elapses or until the Court of Appeals rules on any appeal.

4. <u>Defendant's post-judgment motion for a judgment as a matter of law, or in the alternative, for a new trial, or, in the alternative, for an order of remittitur</u>.

It is difficult to follow defendant's repeated contention that plaintiff failed in his burden of proof. In the final judgment entered on April 12, 1999, the court, in denying defendant's Rule 50(a) motions, found "that there was substantial evidence upon which a reasonable jury could have reached the conclusions the jury reached." Nothing said by defendant in support of its renewed

motion changes the court's mind on this central subject. As the Eleventh Circuit held in *Combs v Plantation Patterns, Inc.* 106 F.3d 1519 (11th Cir. 1997), *cert. denied*, ___U.S.___, 118 S.Ct. 685: "[A] plaintiff is entitled to survive summary judgment, and judgment as a matter of law, if there is sufficient evidence to demonstrate the existence of a genuine issue of fact as to the truth of each of the employer's proffered reasons for its challenged actions." *Id.* at 1529. The Eleventh Circuit iced the cake by saying: "[R]ejection of the employer's proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination ..." *Id.* at 1529. Although this jury could have believed defendant's proffered reason for terminating plaintiff, it had a reasonable basis in the evidence for rejecting defendant's proffered reason. The close proximity in time between the termination and plaintiff's availability as a witness against defendant in a separate Title VII case was dramatic. In *Donnellon v. Fruehauf Corp*, 794 F.2d 598 (11th Cir. 1986), the Eleventh Circuit dealt with a claim of retaliation where the adverse employment action took place a month after the employee had filed a complaint with the EEOC. The Eleventh Circuit there held: "The short period of time, however, between the filing of the discrimination complaint and the plaintiff's discharge belies the assertion by the defendant that the plaintiff failed to prove causation." *Id.* at 601. In *Donnellon* the employer admittedly had "advanced legitimate, non-

discriminatory reasons for the plaintiff's discharge." *Id.* at 601. Nevertheless, the one-month distance between the EEOC complaint and the termination was enough to justify a finding of a causal relationship. Obviously, there is a case in which the time gap is too great to justify a finding of causation, without more, but in the instant case, the time gap was not one month but **one day**.

This court is not willing to join defendant in predicting that the Supreme Court in *Kolstad v. American Dental Association*, 139 F.3d 958 (DC Cir. 1998), *cert. granted* 119 S.Ct. 401 (1998), will add to a plaintiff's burden so as to make a claim of punitive damages depend upon proof that the act complained of was "egregious." This court cannot understand how the statutory requirement for proof of the statutory "malice or reckless indifference" could be less than, or somehow different from, "egregious" conduct. Defendant was not even aware of *Kolstad* until the court brought that case to the attention of the parties.

The most interesting post-judgment question presented by defendant was occasioned by the court's order of April 13, 1999, in which defendant was ordered "to answer, by filing a proper affidavit, the questions pertinent to the limitations imposed by 42 U.S.C.A. § 1981a(b)3." The court properly put the burden on defendant to prove that it had less than 201 employees during the pertinent time period. *See Hamlin v. Charter Township of Flint*, 965 F.Supp. 984, 988 (E.D. Mich. 1997). In the order of April 13,

4

1999, the court made clear, if the statute was not already clear, that "the **total** number of the persons employed at its [defendants'] facilities nation-wide" is the relevant matter for factual determination, and upon which defendant had the burden of proof. The wool-pulling response by defendant was, to say the least, disingenuous. Whether defendant is deliberately withholding the total number of its employees in **all** of its facilities (not limited to its Birmingham facility), or is simply failing to understand its obligation, it has failed to meets its burden. Its alternative motion for remittitur, therefore, will be denied.

Separate, appropriate orders will be entered.

DONE this 18th day of May, 1999.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE