```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION
```

GARY E. STORY,                }
                              }
     Plaintiff,               }
                              }           CIVIL ACTION NO.
v.                            }
                              }           97-AR-3355-S
VAE NORTRAK, INC.,            }
                              }
     Defendant.               }

FILED 99 JUN -8 PM 3:44  U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED JUN 0 8 1999

## MEMORANDUM OPINION

Defendant, VAE Nortrak, Inc. has filed a motion asking that the court reconsider its denial of defendant's motion to reduce the judgment by an application of the statutory cap on compensatory and punitive damages established by 42 U.S.C. § 1981a(b)(3). During oral argument on its present motion, defendant acknowledged that it had the post-verdict burden of proving that during the relevant time period it had less than 201 employees.

There was enough evidence at the trial itself upon which a reasonable factfinder could conclude that the corporate entities affiliated with defendant, all bearing the name "Nortrak," were sufficiently interrelated to call for the aggregation of their employees, or enough of them, to reach the magic number, 201. By not informing the court or plaintiff of the number of employees in the affiliated companies, defendant necessarily conceded that an aggregation of employees would reach 201. The enigmatic affidavit earlier offered by defendant, limited to the number of employees at its Birmingham



facility, did not do anything except ignore the employees at the facilities operated by defendant's sister and father companies. The question of the pervasiveness and degree of the interrelatedness of the four companies was not fully explored by plaintiff, perhaps because the burden of proof was not on plaintiff to remove the ambiguity appearing in defendant's affidavit, especially in view of information elicited at trial, and the information now contained in defendant's current motion, namely, that defendant "is 100% owned by VAE Nortrak North America, Inc.," and that "certain officers of VAE Nortrak North America Ltd., and VAE Nortrak Cheyenne Inc., ['sister companies'] are also officers" of defendant.

Defendant would now place upon plaintiff the same burden to prove the existence of a "single employer" for the purposes of determining whether a cap applies as for determining whether or not a Title VII claim existed in the first place. The court respectfully disagrees, believing that the burden for establishing the cap was firmly on defendant and that defendant failed to meet that burden when it had the opportunity.[1]  Defendant suggested during oral argument that its

---

[1] At least two other judges in this court have used the test established by the National Labor Relations Board to decide whether two or more non-governmental entities should be deemed a single employer, such that their employees should be counted together in the Title VII context. See Fike v. Gold Kist, Inc., 514 F.Supp. 722 (N.D.Ala.), aff'd, 664 F.2d 295 (11th Cir. 1981); McKenzie v. Davenport-Harris Funeral Home, CV-85-H-1496-S (1985) (unpublished opinion), aff'd, 834 F.2d 930 (1987). Under that test, the court looks for "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." See, e.g. McKenzie, 834 F.2d at 933.  If the NLRB test applies, single entity treatment is nevertheless appropriate in the present case on the basis of the compelling trial evidence alone: VAE Nortrak, Inc. and its sister companies are 100% owned by a single parent company, and at least some portion of management personnel overlap among those entities.  This evidence is undisputed and proves that all of these related companies are ultimately under the same ownership and control.  The court finds this conclusion to be a sufficient

affidavit, which reported the number of employees in Birmingham only, operated to shift the burden of proof to plaintiff, if plaintiff wished to prove that aggregation of Birmingham employees and non-Birmingham employees is appropriate.  For the reasons stated above, the court finds that plaintiff met that burden at trial, as a matter of law.  If defendant wishes to rely upon § 1981a(b)(3) to limit and reduce the amount of the judgment against it, the burden of proving the number of its employees, after counting the employees of its sister companies in addition to its own, remains squarely on defendant's shoulders.

If extensive discovery had been allowed and a full scale mini-trial had been conducted on the question of possible aggregation of employees, the result, in all probability, would not have been the same. If this court has mistakenly interpreted defendant's affidavit, the court would feel obligated, at the very least grant, to grant  plaintiff further discovery and to conduct a hearing, making specific findings on the question of aggregation.

An appropriate, separate order will be entered.

DONE this ___8th___ day of June, 1999.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

---

reason to treat the four "Nortrak" entities as an integrated enterprise, with or without reference to the NLRB test.  The court notes that 100% common ownership of Nortrak and its sister companies by the same corporate entity *per se* satisfies the NLRB factors, because responsibility for (1) operations, (2) labor relations, (3) management, and (4) financial control of all four entitles ultimately rest in the single corporate parent.