IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GARY E. STORY,                }
                              }
     Plaintiff,               }
                              }         CIVIL ACTION NO.
v.                            }
                              }         97-AR-3355-S
VAE NORTRAK, INC.,            }
                              }
     Defendant.               }

**MEMORANDUM OPINION**

On March 1, 2001, this court conducted an evidentiary hearing on the question of what, if any, cap is to be placed on the jury verdict and judgment above the sum of $162,249.30, which is that portion of the jury verdict and judgment that was affirmed by the Eleventh Circuit and that, after the mandate, has been paid by defendant, VAE Nortrak, Inc., to plaintiff, Gary E. Story.  The total jury verdict was $362,249.30, of which $62,249.30 was for back wages and, thus, was not subject to the cap.  If Story is to receive more than $100,000 for a combination of compensation and punitive damages by virtue of the admitted fact that the number of employees at VAE Nortrak, Inc., the Birmingham plant where Story was employed, exceeded 100, Story has the burden of proving that the Birmingham plant's workforce must be aggregated with the employees of VAE Nortrak, Inc.'s affiliated companies under the "single employer" rubric recognized in 42 U.S.C. §1981a.  It is conceded that if plaintiff can prove the existence of such a "single employer", the number of employees will exceed 200.

65

The parties tried this 42 U.S.C. §1982a issue as if the concept of "single employer" for the purpose of aggregating employees in order to reach the 15 necessary to obtaining coverage under Title VII is the same as the concept of "single employer" for the purpose of fixing the caps on compensatory and punitive damages. A good argument can be made that the two concepts are not necessarily the same, because the congressional purposes under the two statutes are not necessarily identical. This is, however, an academic question in this case because the "law-of-the-case" has made the way of going about the determination of the cap number the same as for determining the Title VII jurisdictional number.

Story reluctantly admits that he has failed to prove an aggregation which would demonstrate that the number of employees in the affiliated companies exceeds 500 so as to require confirmation of the entire jury verdict. The dispute, therefore, is over whether Story has met his burden of proving that the total number of employees exceeds 200. In order to accomplish this numerical goal, Story, by preponderance of the evidence, must prove that VAE Nortrak Cheyenne, a Wyoming corporation, and VAE Nortrak Ltd., a Canadian corporation, are to be combined with the named defendant for determining the number of persons employed by the "employer". Admittedly, the number of employees of all three of the said companies exceeded 200 during the relevant time period.

The court has before it not only the evidence that was

introduced before the court handed down its earlier opinion with which the Eleventh Circuit partially disagreed, but now has the opinion of the Eleventh Circuit itself which constitutes the "law-of-the-case", and the evidence adduced on March 1, 2001, at the expanded hearing expressly authorized by the Eleventh Circuit's opinion.

There are four factors that must be examined under the so-called N.L.R.B. test in order to combine companies: (1) the degree of interrelation of operation; (2) the degree of centralized control of labor relations; (3) the degree of common management; and (4) the degree of common ownership or financial control. While all of these aspects must be looked at, they need not all be present to the same degree, and in fact, one or more can be absent if the others constitute sufficient proof of the existence of one business organism or enterprise. In Story's case, he offered substantial and convincing evidence of integration and of connectedness of the three companies, despite the fact that the three companies that Story contends constitute a "single employer" are widely separated by geography and are separate legal entities. The facts that this court finds, and that this court finds to be persuasive, are:

1. The entire stock of all three companies is owned by one holding company. In other words, there is common ownership of the three affiliates.

2. All three companies, and their parent company, have the same president and CEO.

3

3. All three companies have the same chief financial officer.

4. All three companies and their parent company, use the same logo and share the name "VAE Nortrak". In other words, they identify themselves as a connected group of companies.

5. The products of all three companies are substantially similar, if not identical.

6. Engineering services were furnished to the Birmingham company by the Canadian company.

7. Sales efforts of the three companies have been coordinated and are complementary. For instance, one affiliate can and does fill orders for another affiliate.

8. The common president, who is not a resident of the Birmingham area, keeps his finger on employee relations in Birmingham. For instance, he has monitored this case and has kept in touch with the manager of the Birmingham plant about it.

9. The common president maintains a degree of control over the charges between the companies for services performed by one for another.

10. The four affiliated companies produce a consolidated financial statement

11. The four affiliated companies print and maintain a common "Company Directory". Tellingly, the word "company" is singular. This may be the single most significant fact tying the companies together.

Although the court can conceive of a more convincing case for aggregation, "VAE Nortrak" provides a convincing case for aggregating the employees of the wholly owned three subsidiaries, and thus for overcoming the seeming separation which would exist if the court only recognized the distinct corporate structures for the

operators of the three separate manufacturing plants. Defendant's effort to prove separation by showing that the three wholly owned subsidiaries actually compete with each other is blunted by the fact that intra-corporate competition by "divisions" is a classic method for increasing the overall profitability of an integrated corporate enterprise. Sibling rivalry does not remove the siblings from a common family. The court does not know why these companies were organized in the way they were. To reach its conclusion, the court needs not find that the holding company designed the structure so as to lower the caps on its subsidiaries under 42 U.S.C. §1981a, and this court does not so find. Neither defendant nor its parent probably anticipated the application of 42 U.S.C §1981a, but now find themselves embraced by it.

Based on virtually undisputed but nuanced facts, the court concludes that VAE Nortrak, Inc., VAE Nortrak Cheyenne, and VAE Nortrak Ltd., constitute a "single employer" for the purposes of 42 U.S.C. §1981a, and, as conceded, that the said three corporations together employed over 200 employees during the relevant time period.

An appropriate separate judgment will be entered.
DONE this 12th day of March, 2001.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE